UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS,<br>　　　　Plaintiff,<br>　　v.<br>STEPHEN MAYERI,<br>　　　　Defendant. | Case No. 20-cv-07233-SI<br><br>**ORDER OF SERVICE**<br>Re: Dkt. No. 1 |

David D. Harris, an inmate currently at the California Health Care Facility in Stockton, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

The complaint alleges the following: Harris suffers from a long history of mental illness that has caused him to be a danger to himself and others. Sometimes he has auditory hallucinations that make him want to kill himself. Dr. Stephen Mayeri, a psychiatrist at Salinas Valley State Prison, was aware of Harris' danger to himself. Dr. Mayeri petitioned the treatment team to reduce Harris' level of care, even though he knew Harris was a danger to himself. (Exhibits to the complaint indicate that this happened in about March 2019. *See* Docket No. 1 at 8, 10.) As a result, Harris' level of care was reduced to a level that could not meet his mental health needs. Dr. Mayeri's failure to treat Harris properly and to keep him away from sharp objects allowed Harris to cut his wrists and bang his head. *Id.* at 3. If Dr. Mayeri had "not improperly and prematurely discharged" Harris, Harris might not have hurt himself. *Id.* at 4.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's prohibition of cruel and unusual punishment. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). To establish an Eighth Amendment claim based on inadequate medical care, a prisoner-plaintiff must show: (1) a serious medical need, and (2) deliberate indifference thereto by a defendant. Deliberate indifference may be demonstrated when prison officials deny, delay or intentionally interfere with medical treatment, or it may be inferred from the way in which prison officials provide medical care. *See McGuckin v. Smith*, 974 F.2d 1050, 1062 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Liberally construed, the allegations in the complaint that Dr. Mayeri knew of and disregarded a risk to Harris' mental health when he caused Harris to be moved to a lower level of care, where Harris was able to hurt himself, state a cognizable Eighth Amendment claim against Dr. Mayeri.

Although Dr. Mayeri was sued in his individual and official capacities in this action for damages, a claim is stated against him only in his individual capacity. The Eleventh Amendment to the U.S. Constitution bars from the federal courts suits against a state by its own citizens, citizens

2

1  of another state, or citizens or subjects of any foreign state, absent consent to the filing of such suit. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). Eleventh Amendment immunity also extends to state officials sued in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985). The claim for damages against Dr. Mayeri in his official capacity is dismissed without leave to amend because Eleventh Amendment immunity bars such a claim.

Harris also alleges that Dr. Mayeri violated his rights under the California Constitution, but the complaint does not state a claim for a state law violation. Docket No. 1 at 5. The California Tort Claims Act, *see* Cal. Gov't Code §§ 810, et seq. -- commonly referred to as the California Government Claims Act by the courts, *see City of Stockton v. Sup. Ct.*, 42 Cal. 4th 730, 741-42 (Cal. 2007) -- requires a person to present his claim to the California Victim Compensation and Government Claims Board ("Board") before he may file an action for damages against a California governmental entity or employee "for death or for injury to person or to personal property." Cal. Gov't Code § 911.2; *see* Cal. Gov't Code §§ 905.2, 911.2, 945.4, 950.2. The Government Claims Act has strict time limits for filing such a claim with the Board and for filing an action in court after the rejection of such a claim. A claimant must present his claim to the Board within six months of the accrual of the cause of action. *See* Cal. Gov't Code § 911.2. Additionally, an action against a governmental entity or employee covered by the claims-presentation requirement must be filed within six months following written notice of rejection of the claim by the Board. *See* Cal. Gov't Code § 945.6(a)(1). Timely claim presentation is "a condition precedent to plaintiff's maintaining an action against [a state employee or entity] defendant." *California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1240 (Cal. 2004). The failure to include the necessary allegations about claim presentation makes the complaint subject to attack for failure to state a cause of action. *Id.* Here, the complaint does not allege compliance with the Government Claims Act and therefore does not state a claim for a state law violation. The state law claim is dismissed.

Because the complaint does state an Eighth Amendment claim and it appears unlikely that Harris will be able to cure the deficiency in his state law claim, the court will order service on the defendant so that the case can move more expeditiously toward resolution. If Harris did comply with the Government Claims Act by timely presenting his claim to the Board and filing this action

1   within six months of receiving a written rejection of his claim, he must file an amendment to his
2   complaint within **thirty days** to so allege. If he makes these necessary allegations for a state law
3   claim by the deadline, the court will then determine whether to order defendant to respond to that
4   state law claim also.

## CONCLUSION

1. Liberally construed, the complaint states a cognizable § 1983 claim against Dr. Stephen Mayeri for violating Harris' rights under the Eighth Amendment. All other claims and defendants are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, and a copy of the complaint, and a copy of this order upon Dr. Stephen Mayeri, who apparently works on the mental health staff at Salinas Valley State Prison.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **April 23, 2021**, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the court prior to the date the motion is due. If defendant files a motion for summary judgment, defendant must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time he files such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendant no later than **June 4, 2021.** Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

   c. If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **June 25, 2021**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

4

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed.  As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

     5.     All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel.  The court may disregard any document which a party files but fails to send a copy of to his opponent.  Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

     6.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

     7.     Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

**IT IS SO ORDERED**.

Dated: January 20, 2021

SUSAN ILLSTON
United States District Judge